IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DESIREE KATE, *et al.*, ) | CASE NO.: 1:12 CV 134 |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| ARTIMPLANT USA, INC., *et al.*, ) | |
| ) | <u>MEMORANDUM OPINION</u> |
| Defendants. ) | <u>AND ORDER</u> |
| ) | |

This matter is before the Court on Defendant, Artimplant USA's Rule 12(b)(6) Motion to Dismiss, (ECF #6), and Artimplant AB's Rule 12(b)(2) and 12(b)(6) Motion to Dismiss, (ECF #7). Plaintiffs filed Memorandum in Opposition to the motions, (ECF #11, 12), and Defendants filed a Reply in further support of their respective motions to dismiss. (ECF #14, 15). After careful consideration of the briefs and a review of all relevant authority, Defendants' motions to dismiss are DENIED.

**STANDARD OF REVIEW**

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." Jones v. City of Carlisle, Ky., 3 F.3d. 945, 947 (6th Cir. 1993) (quoting Welsh v. Gibbs, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. See City of Heath, Ohio v. Ashland Oil, Inc., 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl' Corp. v. Twombly, 550 U.S. 544, 555 (2007)(quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly at 555. In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

To survive a defendant's 12(b)(2) motion for dismissal on the basis of personal jurisdiction, a district Court sitting in Ohio must determine whether the Ohio Rev. Code §2307.382 confers jurisdiction, and whether the exercise of jurisdiction comports with the foreign defendant's constitutional rights to due process. *See, e.g., Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998). Once challenged, the burden of establishing jurisdiction falls on the Plaintiff. to show that jurisdiction is proper. *See, e.g., Brunner v. Hampson*, 441 F.3d 457, 462

-2-

(6th Cir. 1998). However, "the plaintiff's burden is relatively slight, and the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal." *Miller v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008). As with other motions to dismiss, the pleadings and affidavits submitted in support of the pleadings must be viewed in the light most favorable to the plaintiff.

When presented with a Rule 12(b)(2) motion to dismiss, a district court "may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Serras v. Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). If the Court rules on the motion and affidavits without conducting an evidentiary hearing, "the facts asserted by the plaintiff must be taken as true." *Advanced Polymer Sciences, Inc. v. Phillips Industrial Services*, 34 F.Supp.2d 597, 599 (N.D. Ohio 1999).

### **FACTS AND ANALYSIS**[1]

Defendants claim that the allegations in Plaintiffs' Complaint do not present sufficient detail or information to withstand a dismissal under Fed.R.Civ.Pro. 12(b)(6). Having reviewed the allegations in the Complaint, the Court finds that the Complaint, when considered in a light most favorable to the Plaintiffs, provides factual allegations that are sufficient to raise a right to relief above the speculative level. The Complaint identifies the allegedly defective product, identifies Defendants as the alleged manufacturers of that product, alleges the general basis for believing the product is defective, and alleges an injury allegedly caused by the product. The

---

[1] In accordance with the applicable standards on a motion to dismiss, the facts set forth in the Complaint and in the affidavit supporting Plaintiffs Memorandum in Opposition to the motions to dismiss have been taken as true for purposes of this opinion.

Plaintiffs are not obligated, prior to any opportunity for discovery, to allege with precise scientific detail the mechanism of the alleged defect. Nor are they obligated to counter Defendants' anticipated or unknown defenses in the Complaint in order to survive a motion to dismiss. Defendants' claim that the product operated as designed raises a factual question that cannot be determined at this stage of the litigation, and further, even if true, would not preclude a claim for defective design, among others. Plaintiffs have alleged sufficient facts to defeat a 12(b)(6) motion for failure to state a claim.

Defendant Artimplant AB also seeks dismissal of the claims against it for lack of personal jurisdiction. Plaintiffs' Complaint alleges that Artimplant AB is a manufacturer of the medical device at issue in this case, which Artimplant AB admits. (ECF #7, pg.2). Artimplant AB, however, contends that is incorporated in Sweden, conducts all of its operations outside the United States, maintains no offices or facilities or bank accounts in Ohio, and is not directly connected to any employees, facilities, property or equipment in Ohio. Further, Artimplant AB contends that it has never directly marketed or sold the device at issue to an Ohio physician, and that it does not directly advertise specifically to Ohio residents or advertise in any publications directed primarily toward Ohio residents. Plaintiffs on the other hand allege that Artimplant USA, which has not contested jurisdiction, is wholly owned and controlled by Artimplant AB, that their control and operations, including marketing, sales, and advertising are inextricably intertwined, and that Artimplant AB cannot separate itself from Artimplant USA for purposes of establishing personal jurisdiction. Taking these allegations as true, as required when evaluating a motion for dismissal, there are sufficient factual allegations to support Plaintiffs' contention that Artimplant AB has subjected itself to personal jurisdiction in Ohio by doing business in the state.

There is no dispute that Artimplant AB sells its products to national retailers and distributors who sell the devices in Ohio and other states and Plaintiffs have alleged that Artimplant AB is fully aware that its products will be sold in Ohio, that it has had a continuous stream of business and income generated from sales in Ohio. The Court finds these facts and allegations to be sufficient to preclude a dismissal motion based on Ohio's long-arm statute. For similar reasons, the Court finds that there has been no showing at this point that Artimplant AB would be deprived of its constitutional rights to due process if it is forced to defend an action in Ohio. As set forth above, there are allegations that Artrimplant AB is the alter ego of Artimplant USA, and Artrimplant USA has not challenged personal jurisdiction in this Court. The Sixth Circuit has recognized that if a corporation is subject to personal jurisdiction in a particular court, then its alter ego is also subject to jurisdiction in that same court. *Estate of Thomas v. Toyota Motor Corp.*, 545 F.3d 357, 362 (6th Cir. 2008). If evidence is uncovered during the course of discovery that would disprove these allegations, the issue of jurisdiction may be raised again at a later time.

## **CONCLUSION**

For the reasons set forth above, the Defendants' Motions to Dismiss (ECF # 6,7) are hereby DENIED. IT IS SO ORDERED.

  /s/ Donald C. Nugent  
Judge Donald C. Nugent  
United States District Judge

Date: May 25, 2012